**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50335 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03433-H-1 |
| v. | |
| ROOSEVELT KYLE, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior
District Judge.**

Roosevelt Kyle, Jr. appeals his conviction and sentence for violation of 18

U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §

3742. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable C. Roger Vinson, Senior District Judge for the U.S.
District Court for the Northern District of Florida, sitting by designation.

Kyle first challenges the district court's denial of his motion to suppress. Kyle was on probation in California state court for having committed a felony, and his probation agreement contained a broad consent-to-search condition. The district court held a search of Kyle's residence by his probation officer was justified by reasonable suspicion, regardless of whether this condition permitted a suspicionless search. *See United States v. Knights*, 534 U.S. 112, 120 n.6 (2001) ("We need not address the constitutionality of a suspicionless search [pursuant to a probation condition] because the search in this case was supported by reasonable suspicion.").

Kyle contends that the district court erred because it did not hold an evidentiary hearing and instead relied solely on the government's statement of facts in its response to Kyle's motion. The district court's decision as to the necessity of an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

The district court did not abuse its discretion here. Although Kyle requested an evidentiary hearing, he never once offered a contrary version of the facts put forth by the government, much less one with a "sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id.* And throughout Kyle's appeal – including at oral argument – Kyle's counsel

confirmed that Kyle had no contrary version of the facts or any additional facts to offer. Rather, his argument was that the facts as proffered by the government did not as a matter of law establish reasonable suspicion to search his home. This is an insufficient basis for an evidentiary hearing. *Id.* at 621("'A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a "significant disputed factual issue" exists such that a hearing is required.'") (quoting *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990) with a citation omitted). Because Kyle "identified no facts which, if proved, would allow the court" to grant his suppression motion, the district court did not abuse its discretion in declining to conduct an evidentiary hearing. *Howell*, 231 F.3d at 621(noting that "a boilerplate motion that relied wholly on the fact that the government has the burden of proof" does not mandate an evidentiary hearing).

Second, 18 U.S.C. § 922(g)(1) does not violates Kyle's Second Amendment right to bear arms. *United States v. Vongxay*, 594 F.3d 1111, 1114-1118 (9th Cir. 2010).

Third, the district court properly granted an enhancement under U.S.S.G. § 3C1.1., which provides for a two-point increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Kyle missed two sentencing hearings, absconded from San Diego to Los Angeles, and had a bench warrant issued that took 15 months to execute. *See United States v. Petersen,* 98 F.3d 502, 508 (9th Cir. 1996) (holding that willful failure to appear at sentencing supported obstruction of justice enhancement).

Kyle argues that his obstruction was not "willful," contending that he failed to appear because of the shock of finding out right around the Christmas holidays that his wife wanted a divorce , which led him to take solace with friends in Los Angeles. Willful in this context means a defendant "engaged in intentional or deliberate acts designed to obstruct." *United States v. Gilchrist*, 658 F.3d 1197, 1206 (9th Cir. 2011). Kyle's difficult family circumstances may provide an explanation for his obstruction, but it doesn't render it unintentional.

**AFFIRMED**.